Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| GEOVANNY ORTIZ PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2026RA00099 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA1000-875-25 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece Geovanny Ortiz Pérez, miembro de la población correccional (en adelante, recurrente) mediante un recurso de revisión, para solicitarnos la revisión de la *Respuesta del área concernida/superintendente* (Respuesta) emitida el 12 de enero de 2026, y notificada el 3 de febrero de 2026, por el Departamento de Corrección y Rehabilitación (en adelante, DCR).[1] Mediante la Respuesta recurrida, el DCR notificó al recurrente que su solicitud para el uso de teléfono se había enviado en numerosas ocasiones a la compañía. Sobre dicha *Respuesta*, el recurrente interpuso una oportuna solicitud de reconsideración. Atendida la solicitud de reconsideración, 19 de febrero de 2026, el DCR dispuso denegar la solicitud de reconsideración.

Por los fundamentos que expondremos, se *confirma* la *Respuesta* recurrida.

---

[1] Sistema Unificado del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 2.

I

Según adelantamos, el recurrente es miembro de la población correccional y según se desprende del recurso, el 3 de diciembre de 2025, fue trasladado de la institución correccional de Guayama 296 a la de Bayamón 501. Esbozó que tiene unos fondos para realizar llamadas telefónicas pero que, con su traslado, no fueron transferidos desde una institución a otra.

Dado a lo anterior, el recurrente presentó la *Solicitud de remedio administrativo* en el caso de marras.[2] De ahí, el 12 de enero de 2026, el DCR emitió la *Respuesta,* la cual fue notificada el 3 de febrero de 2026.[3] Mediante esta *Respuesta,* el DCR le informó al recurrente lo siguiente:

> La solicitud para uso de teléfono del confinado se ha enviado en numerosas ocasiones a la compañía [el] 22 de diciembre de 2025, 30 de diciembre de 2025, 30 de diciembre de 2025, 9 de enero de 2026 y 12 de enero de 2026.[4]

En desacuerdo, el recurrente interpuso una oportuna solicitud de reconsideración y, en respuesta, el 19 de febrero de 2026, el DCR emitió la *Respuesta de reconsideración al miembro de la población correccional.*[5] Mediante esta determinación, el DCR denegó la solicitud de reconsideración empero emitió la siguiente expresión:

> Sr. Ortiz Pérez, en su Solicitud de Remedio usted expresó su interés en que se realice una transferencia de teléfono. El caso fue discutido en el Área de Sociales. Nos informaron que se le dio conocimiento a la Compañía Telefónica NCIC, quien está llamada a realizar ese tipo de función. Estamos en espera de la acción que estimen pertinente.[6]

Inconforme, el 9 de marzo de 2026, el recurrente presentó un recurso de revisión mediante la cual, en síntesis, mostró su inconformidad con el curso decisorio del DCR. Solicitó que se

---

[2] SUMAC TA, a la Entrada Núm. 1, Apéndice 3, pág. 1
[3] *Íd.,* Apéndice 2, pág. 1
[4] *Íd.*
[5] *Íd.,* Apéndice 3, pág. 5.
[6] *Íd.,* Apéndice 2, pág. 2.

celebrara una vista y que se le ordenara a la Compañía Telefónica NCIC a devolverle el dinero.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[7] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

II

**A. La Revisión Judicial**

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[8] Particularmente, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[9] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme a la ley y de forma razonable.[10] A tenor, corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados y si son compatibles con la política pública que las origina.[11] A esos efectos, la revisión judicial comprende tres (3)

---

[7] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[8] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).
[9] Ley Núm. 201-2003, 4 LPRA sec. 24y(c); *Asoc. Condómines v. Meadows Dev.*, supra, a la pág. 847.
[10] *Vázquez et al. v. DACo*, 2025 TSPR 56, 215 DPR ___ (2025).
*Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).
[11] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).

aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y (iii) la revisión completa y absoluta de las conclusiones de derecho.[12]

Dentro de este marco, los tribunales apelativos, al ejercer su función revisora, deben conceder deferencia a las decisiones emitidas por las agencias, debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[13] Igualmente, el Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no deben alterar las determinaciones de las agencias.[14] En mérito de lo anterior, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados.[15]

Ahora bien, la deferencia reconocida a las decisiones de las agencias administrativas cede en algunas situaciones: (i) cuando la decisión no esté basada en evidencia sustancial; (ii) cuando la agencia haya errado en la aplicación de la ley; (iii) cuando su actuación resulte ser arbitraria, irrazonable o ilegal; y, (iv) cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[16] Entiéndase que, aunque los tribunales están llamados a conceder deferencia a las decisiones administrativas, tal norma no es absoluta. Ello, puesto a que no puede imprimírsele un sello de corrección automático, bajo el pretexto de deferencia, a determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a derecho.[17]

---

[12] *Vázquez et al. v. DACo,* supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. JCA*, 149 DPR 263, 279-280 (1999).
[13] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 35.
[14] *Íd.*
[15] *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).
[16] *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012), citando a *Empresas Ferrer v. A.R.Pe.*, supra.
[17] *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743 (2024).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones.[18] Para ello, deberá demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración.[19] Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el Tribunal respetará las no sustituirá el criterio de la agencia por el suyo.[20]

### B. Las Solicitudes de Remedios Administrativos Radicadas por la Población Correccional

La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División) se estableció con el propósito principal de proveerles a los miembros de la población correccional un organismo administrativo al cual puedan recurrir, en primera instancia, mediante una solicitud de remedio. Ello, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la presentación de pleitos en los Tribunales de Justicia.[21] A tenor, la División se encarga, esencialmente, de atender quejas y agravios de los confinados, en contra del DCR o sus funcionarios, sobre asuntos tales como: (i) agresiones físicas, verbales y sexuales; (ii) propiedad

---

[18] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

[19] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).

[20] *Otero v. Toyota*, 163 DPR 716, 728 (2005).

[21] Introducción del Reglamento para Atender Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.

de confinados; (iii) plan de recreación; (iv) ejercicios; (v) uso de biblioteca para fines recreativos, entre otros.[22]

Ahora bien, la División, asumirá jurisdicción sobre aquellas solicitudes de remedio presentadas por un miembro de la población correccional con el fin de que se atienda un asunto relacionado a su confinamiento, que lo afecte personalmente en su bienestar físico o mental, calidad de vida, seguridad o plan institucional.[23] A esos efectos, se entenderá que una solicitud es fútil o insustancial cuando se radique sin méritos y no propicie la concesión de un remedio al amparo del Reglamento Núm. 8583.[24] Particularmente, la Regla XIII del referido reglamento, dispone que el evaluador de la solicitud tendrá la facultad para desestimarla cuando el miembro de la población correccional emita opiniones que no estén dirigidas a remediar una situación relacionada con su confinamiento.[25] Habida cuenta de ello, los miembros de la población correccional serán responsables de presentar las solicitudes de remedio en forma clara, concisa y honesta.[26]

III

Mediante el presente recurso el recurrente muestra su inconformidad con la *Respuesta* recibida por la División de remedios administrativos del DCR. En esencia, la situación que confronta el recurrente es que alegadamente tenía unos fondos a su nombre con la finalidad de poder realizar llamadas telefónicas y cuando en el mes de diciembre de 2025, fue trasladado de la institución correccional de Guayama 296 a la de Bayamón 501, este dinero no fue transferido a su cuenta de confinado. Por otro lado, según se desprende de la *Respuesta*, así como de la denegatoria de

---

[22] Introducción del Reglamento Núm. 8583, *supra.*
[23] Reglas IV (24) y VI (1)(a) del Reglamento Núm. 8583, *supra*; *Vargas Serrano v. Inst. Correccional*, 198 DPR 230, 243 (2017).
[24] Regla IV (25) del Reglamento Núm. 8583, *supra.*
[25] *Íd.,* Regla XIII (5)(g).
[26] Regla VII (1) del Reglamento Núm. 8583, *supra.*

reconsideración, el DCR realizó gestiones para que se canalice el petitorio del recurrente, así como que se encuentran en la espera de la acción que estime pertinente la Compañía telefónica NCIC. Puntualizamos que, dichas gestiones fueron realizadas luego del traslado del recurrente a la institución correccional de Bayamón 501 y durante el mes de enero de 2026. Elaboramos.

Sabido es que únicamente se justifica nuestra intervención con una determinación administrativa cuando: (i) la decisión no esté basada en evidencia sustancial; (ii) la agencia haya errado en la aplicación de la ley; (iii) su actuación resulte ser arbitraria, irrazonable o ilegal, y cuando (iv) la actuación administrativa lesiona derechos constitucionales fundamentales.[27] Por ello, si del análisis realizado se desprende que la interpretación que hace una agencia resulta razonable, nos corresponde abstenernos de intervenir.[28]

En el caso de marras, mediante la *Respuesta del área concernida* emitida por el DCR, se le informó al recurrente que "[l]a solicitud para uso de teléfono del confinado se ha enviado en numerosas ocasiones a la compañía [el] 22 de diciembre de 2025, 30 de diciembre de 2025, 9 de enero de 2026 y 12 de enero de 2026".[29] Esto, luego de que el recurrente mediante una *Solicitud de remedio administrativo* peticionó que el dinero que fue depositado en su cuenta, cuando se encontraba en la institución Guayama 296, para propósito de realizar llamadas telefónicas, se transfiriera a la cuenta de la institución en la que se encuentra.

Evaluada la totalidad de los autos, colegimos que la determinación del DCR es una razonable y no cumple con ninguna de las excepciones que nuestro ordenamiento provee para poder intervenir. Por consiguiente, no amerita la intervención de este foro

---

[27] *The Sembler Co. v. Mun. de Carolina,* supra, a la pág. 822, citando a *Empresas Ferrer v. A.R.Pe.,* supra.
[28] *Otero v. Toyota,* supra, a la pág. 728.
[29] SUMAC TA, a la Entrada Núm. 1, Apéndice 2, pág. 1.

revisor. Más aún cuando, según explicamos anteriormente, la División asumirá jurisdicción sobre aquellas solicitudes de remedio presentadas por un miembro de la población correccional con el fin de que se atienda un asunto relacionado a su confinamiento, que lo afecte personalmente en su bienestar físico o mental, calidad de vida, seguridad o plan institucional.[30] Así, pues, la Regla XIII del Reglamento Núm. 8583, dispone que el evaluador de la solicitud incluso tendrá la facultad para desestimarla cuando el miembro de la población correccional emita opiniones que no estén dirigidas a remediar una situación relacionada con su confinamiento.[31] Según vimos, la solicitud de remedio presentada por el recurrente se basa en que interesa transferir cierto dinero de una cuenta a otra para propósitos de realizar llamadas telefónicas.

Por todo lo antes expuesto, procede confirmar el dictamen recurrido.

IV

Por los fundamentos que anteceden, se *confirma* la *Respuesta* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[30] Reglas IV (24) y VI (1)(a) de Reglamento Núm. 8583, *supra*; *Vargas Serrano v. Inst. Correccional,* supra, a la pág. 243.

[31] Regla XIII (5)(g) del Reglamento Núm. 8583, *supra*.